O’Neill, J.,
dissenting.
{¶ 34} This case demonstrates an example of elevating form over substance, and I must, therefore, respectfully dissent. It is clear that appellant, Cincinnati City School District Board of Education, has a vital interest in whether appellee the city of Cincinnati does, or does not, pay property taxes on the new convention center. This matter is so important that the Ohio General Assembly passed a law exempting the center from the taxes most other property owners, private and commercial, pay. From a statutory-construction or an equity perspective, it is wholly irrelevant that the board, or anyone affected, did not challenge the tax status in 2006. The new law granting the very special treatment was passed in 2011. The relevant inquiry here should not be into what happened in 2006 under the old law, but rather should be whether an interested party should have the right to challenge the new law. Due process demands no less.
{¶ 35} The majority is denying appellant its day in court on a technicality. In this case, the action was first originated in 2006 by the city. Admittedly, appellant was asleep at the switch and did not attempt to intervene at that time. However, on September 29, 2011, a new amendment to R.C. 5709.084 became effective that was specifically tailored to make the Duke Energy Center tax exempt, and the amendment was to apply retroactively to the time the convention center was built. The financial consequence to the schools at that time was clear. Just prior to the effective date of the new language, the city and the tax commissioner filed a joint motion asking the Board of Tax Appeals (“BTA”) to remand the cause so that the new legislation could be applied. The BTA granted the motion and sent the case back to the tax commissioner. Once the matter was returned to the tax commissioner, appellant attempted to intervene, as it stood to lose millions of dollars for the education of the children of Cincinnati.
{¶ 36} The majority asserts that appellant was properly excluded from this case because it did not take action to intervene back in 2006. The tax commissioner and the city asserted that appellant “waived” the right to challenge the constitutionality of the statute by not filing a notice to participate in the exemption application proceedings in 2006. How could appellant be held to have “waived” a right to challenge legislation five years before it was enacted? Once the BTA remanded the case to the tax commissioner, it was as though the case was starting anew, but with consideration of the recently enacted statutory language. This would have been the ideal time to permit appellant to intervene in the case, as it would be directly affected by the statute. Additionally, it was *147 undisputedly the first time that appellant could challenge the constitutionality of the newly amended statute. That simply could not have been done in 2006 when the amendments were but a vision in a lobbyist’s mind.
Frost Brown Todd, L.L.C., David C. Olson, and Matthew C. Blickensderfer; and Daniel J. Hoying, Cincinnati School District Assistant General Counsel, for appellant.
Michael DeWine, Attorney General, and Daniel W. Fausey, Assistant Attorney General, for appellee tax commissioner.
Bricker & Eckler, L.L.P., Richard S. Lovering, and Jonathan T. Brollier, for appellee city of Cincinnati.
{¶ 37} I would reverse the BTA’s decision and remand the case to the tax commissioner with instructions to grant appellant’s motion to intervene. This case represents the first and best opportunity for appellant to challenge the constitutionality of R.C. 5709.084 as amended in 2011. Appellant should be given its day in court and be permitted to make any arguments it chooses regarding the constitutionality of the new law, which is directly diminishing the funds available to the schools.
{¶ 38} Accordingly, I respectfully dissent.